UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number:  08-14381-CIV-MARTINEZ-LYNCH**

SOUTHERN-OWNERS INSURANCE
COMPANY,

      Plaintiff,

vs.

JOHN HAYDEN, BEVERLY HAYDEN, and
JPH SERVICES, INC.

      Defendants/Counter-Plaintiffs/Third-
      Party Plaintiffs,

vs.

INSURPRO INSURANCE AGENCY, INC.
and R.V. JOHNSON AGENCY, INC.

      Third-Party Defendants.
      Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE came before the Court upon Defendants John Hayden, Beverly Hayden,

and JPH Services Inc.'s Motion to Dismiss the Amended Complaint (D.E. No. 60); Insurpro

Insurance Agency's Motion to Dismiss, or Alternatively, Motion to Abate and Sever Third Party

Defendant Insurpro Insurance Agency, Inc. (D.E. No. 63), and R.V. Johnson Agency Inc.'s

Motion to Dismiss, or Alternatively, Motion to Abate and Sever Third Party Defendant R.V.

Johnson Agency, Inc. (D.E. No. 66). After careful consideration and for the reasons set forth

below, the Court denies Defendants' motion to dismiss this action, dismisses without prejudice

the third-party complaints asserted against Insurpro Insurance Agency, Inc. ("Insurpro") and R.V.

Johnson Agency Inc. ("R.V."), and denies as moot Insurpro and R.V.'s motions to dismiss or in the alternative to abate and sever the claims asserted against them.

## I. Relevant Factual and Procedural Background

John Hayden ("Mr. Hayden") was involved in a motorcycle accident on April 28, 2006. Plaintiff Southern-Owners Insurance Company ("Plaintiff" or "Southern-Owners") allege that Mr. Hayden "suffered serious injuries as a result of the accident, including, brain injury, facial fractures, fractured hip/pelvis, legal blindness, neck and back injuries, and tooth loss." (D.E. No. 46 at 2). Mr. Hayden has now made a demand under a Commercial General Liability insurance policy issued by Plaintiff to JPH Services, Inc. ("JPH").[1] Plaintiff has filed a diversity action against Mr. Hayden, Mr. Hayden's wife, Beverly Hayden ("Mrs. Hayden"), and JPH (collectively "Defendants"),[2] seeking a declaration that they are not entitled to coverage under the policy at issue.

Specifically, Plaintiff seeks a declaration: (1) that section 627.727 of the Florida Statutes, which requires uninsured motor vehicle coverage to be provided in certain insurance polices, does not apply to the policy at issue in this case, (2) that the motorcycle operated by Mr. Hayden was "not an auto used in the business of . . . [JPH] and therefore liability coverage . . . [under the policy at issue] does not apply," (3) that there is no coverage for the motorcycle "because it was

---

[1]It is unclear at this time exactly what relationship JPH has to Mr. Hayden. It appears that Mr. Hayden was an employee of JPH. The original complaint only sought relief against Mr. and Mrs. Hayden. *See* (D.E. No. 1). The Court, however, granted Plaintiff leave to file an amended complaint, adding JPH as an additional defendant. *See* (D.E. Nos. 45 & 46).

[2]Plaintiff alleges that the controversy is between citizens of different states as Plaintiff is a Michigan corporation, Mr. and Mrs. Hayden are residents of Florida, and JPH is a Florida corporation. Plaintiff also alleges that the amount in controversy exceeded $75,000.

owned or registered in the name of a partner or executive officer or member of his or her household," (4) that Mr. Hayden's bodily injuries are not covered by the policy at issue because "he was an employee of the insured arising out of and in the course of employment of the insured," and (5) that the policy at issue does not provide coverage to Mr. and Mrs. Hayden "for the subject accident."  (D.E. No. 46 at 4-5).

Defendants filed a counterclaim against Plaintiff for breach of contract seeking payment under the policy at issue.  *See* (D.E. No. 48).  Mr. Hayden seeks payment under the policy's uninsured motorist provision for the negligence of a non-party, Jeanne Brooks, who he alleges caused the motorcycle accident.  Mrs. Hayden seeks payment under the policy's uninsured motorist provision for loss of consortium.  This counterclaim, however, has been stayed as the parties' agreed that the counterclaim is not ripe until Plaintiff's claim relating to whether it should have provided uninsured motorist coverage in its policy has been decided.  *See* (D.E. Nos. 44 and 55).

Mr. and Mrs. Hayden also filed a third-party complaint against Insurpro.  *See* (D.E. No. 6).  Mr. and Mrs. Hayden allege that Insurpro was acting as Plaintiff Southern-Owners' agent and claim that Insurpro was negligent and breached numerous duties to them with regard to advising and obtaining uninsured and underinsured coverage under the policy at issue. JPH also filed a third-party complaint against Insurpro and R.V.  *See* (D.E. No. 49).  JPH alleges that both Insurpro and R.V. were agents of Plaintiff Southern-Owners and that both agents acted negligently with regard to advising and obtaining uninsured and underinsured coverage under the policy at issue.  JPH also alleges that both Insurpro and R.V. are Florida corporations.  *See* (D.E. No. 49 at 2).

Defendants have moved to dismiss Plaintiff's complaint citing Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).  Insurpro and R.V. have also moved to dismiss the third-party complaints asserted against them pursuant to Rule 12(b)(6).  The Court now considers the parties' motions.

## II. Analysis

Defendants move to dismiss Plaintiff's declaratory action, arguing that with the addition of Insurpro and R.V. as parties to this action, this Court no longer has subject matter jurisdiction. Insurpro moves to dismiss or in the alternative abate and sever the third party complaint asserted against it, arguing that the claim against it is premature as the issue of damages is contingent upon the Court's finding in the declaratory action asserted by Southern-Owners.  Finally, R.V. moves to dismiss or in the alternative abate and sever the third party complaint asserted against it also arguing that the claim against it is premature for the same reasons stated by Insurpro.  After careful consideration and for the reasons set forth below, the Court denies Defendants' motion to dismiss and dismisses without prejudice the third-party complaints asserted against Insurpro and R.V.  The Court also denies as moot Insurpro and R.V.'s motions to dismiss or in the alternative to abate and sever the claims asserted against them.

### A.       Defendants' Motion to Dismiss

Defendants have moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) and 12(b)(1).  Defendants, however, have not made any arguments that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6).  Instead, Defendants argue that this Court must dismiss this action pursuant to Rule 12(b)(1) because the addition of Third-Party Defendants Insurpro and R.V. to this action have deprived this Court of subject matter jurisdiction over the entire case.

Defendants also argue that this action should be dismissed because it was filed by Plaintiff for purposes of procedural fencing.  This Court disagrees.

### 1.    Subject Matter Jurisdiction

Defendants argue that the addition of Insurpro and R.V. as parties to this action defeats diversity jurisdiction, and this action must dismissed without prejudice in its entirety. Defendants argue that Third-Party Defendants Insurpro and R.V. should be realigned as party plaintiffs in this action, that they are indispensable parties under Rule 19, and that the addition of Insurpro and R.V. as indispensable party plaintiffs destroys this Court's diversity jurisdiction, depriving the Court of subject matter jurisdiction.  This Court disagrees.

First, Third-Party Defendants Insurpro and R.V. should not be realigned as party plaintiffs in this action.  "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).  Rather, it is the court's "duty . . . to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Id*. (quoting *Dawson v. Columbia Ave. Sav. Fun, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)); *see also Fed. Ins. Co. v. Bill Harbert Constr. Co.*, 82 F. Supp. 2d 1331, 1333 (S.D. Ala. 1999) (stating that "[i]t is . . . the court's responsibility to properly align the parties and determine whether diversity jurisdiction exists.").

In the Eleventh Circuit, the Court must look "to the principal purpose of the lawsuit when determining whether the parties are properly aligned." *Fed. Ins. Co.*, 82 F. Supp. 2d at 1337; *see*

*also Indemnity Ins. Co. v. First, Nat'l Bank*, 351 F. 2d 519, 522 (5th Cir. 1965)[3] (stating that "it is our duty, as well as the duty of the district court, to notice the jurisdictional question and determine whether there is an actual, substantial controversy between citizens of different states, all of whom on one side are citizens of different states from all parties on the other side. Whether there is such a controversy is to be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute."). This test looks "beyond the pleadings to identify the primary matter in dispute and then align[s] the parties according to their positions with regard to that issue." *Fed. Ins. Co.*, 82 F. Supp. 2d at 1334.

Applying this test to the facts of this case, the Court finds that Insurpro and R.V. should not be realigned as party plaintiffs. The primary purpose of this lawsuit is to determine whether Defendants are entitled to coverage under the policy at issue. Plaintiff has alleged that Defendants, the Haydens and JPH, are not entitled to coverage under the policy. *See* (D.E. No. 46). In contrast, it is to Insurpro and R.V.'s advantage to assert that Defendants are covered under the policy as the negligence claims asserted against Insurpro and R.V. are, by Defendants' own admission, contingent upon a finding that Defendants are not entitled to coverage under the policy. *See* (D.E. No. 65 at 2); *see also* (D.E. No. 60 at 12). Thus, this Court will not realign Insurpro and R.V. as party plaintiffs.

Because the Court has found that it is improper to realign Insurpro and R.V. as party plaintiffs, it is not necessary for the Court to reach the issue of whether Insurpro and R.V. are indispensable parties. The presence of Insurpro and R.V. as third-party plaintiffs does not

---

[3]In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

destroy this Court's jurisdiction over the original claims in this action between Plaintiff and Defendants.[4]  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 n.1 (1996) (stating that "[a]s elaborated in 3 J. Moore, Moore's Federal Practice ¶ 14.26, p. 14-116 (2d ed.1996) (footnotes omitted): 'Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually.'").  Therefore, Defendants' claims against Insurpro and R.V. do not destroy subject matter jurisdiction over Plaintiff's claims against Defendant.

The Court, however, in the alternative finds that even if it were to realign Insurpro and R.V. as party plaintiffs, they are not indispensable parties under Rule 19.  The Eleventh Circuit has provided:

> Rule 19 states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

*Focus on the Family v. Pinellas Suncoast Transit Auth*., 344 F.3d 1263, 1279-80 (11th Cir. 2003) (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc*., 669 F.2d 667, 669 (11th Cir.1982)).  Here, the Court finds that Insurpro and R.V. are not even parties who should be joined if feasible.

Pursuant to Rule 19(a) a person should be joined if

> (A)     in that person's absence the court cannot accord complete relief among existing parties; or

---

[4]If the Court does not have supplemental jurisdiction over these third-party claims, these third-party claims will, however, have to be dismissed without prejudice.  This issue, however, is addressed in greater detail below.

(B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the  person's absence may:

(i)     as a practical matter impair or impede the person's ability to protect the interest; or

(ii)     leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Here, none of these conditions apply to the addition of Insurpro and R.V. as parties.

The Court can accord complete relief on Plaintiff's claims and Defendants' counterclaim, which are coverage issues and for the most part issues of law, without the presence of Insurpro or R.V. Neither Insurpro nor R.V. have claimed an interest relating to the subject of  Plaintiff's action or Defendants' counterclaim.  Moreover, the resolution of Plaintiff's claims will not impair or impede R.V.'s or Insurpro's ability to protect their interests.  As Defendants recognize in their motion, if Insurpro and R.V. are not parties to this action, no judgment in this case will be legally binding upon them.  *See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F. 2d 667, 670 (11th Cir. 1982) (finding that the absent party's interests would not be impaired because he would not "be legally bound by the judgment under principles of res judicata or collateral estoppel.").  Moreover, as Plaintiff's claims and Defendants' counterclaim assert what are essentially issues of law, Insurpro and R.V. will not suffer any prejudice as a practical matter by the litigation of this issue in this suit.

Finally, the resolution of Plaintiff's claims without R.V. and Insurpro does not leave Plaintiff or Defendants subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of R.V.'s and Insurpro's absence.  Defendants argue that if R.V. and Insurpro are not parties to this action, two actions may result in inconsistent results.

Specifically, Defendants argue that there could be inconsistent rulings on the issue of whether the policy provides uninsured motorist coverage.  Defendants are particularly concerned that this Court could find that the policy at issue does not provide for uninsured motorist coverage and a later court could find that it does provide for uninsured motorist coverage.[5]  The Court acknowledges that this is a possibility as Insurpro and R.V. could assert as a defense in a later action that the policy at issue did in fact provide for uninsured motorist coverage.

This, however, does not put Plaintiff or Defendants, the existing parties, at risk of incurring double, multiple, or inconsistent obligations.  Defendants would not incur any obligations at all based on either result.  Defendants could simply lose both actions, but that is a risk every litigant takes.  Defendants argue that Plaintiff could incur inconsistent obligations because Insurpro and R.V. could, if they lose the negligence claims asserted against them in the second action, seek indemnification or contribution against Southern-Owners in this second action.  There are, however, no claims for indemnification or contribution asserted against Southern-Owners in this action, and there is no indication that anyone intends to assert such claims against Southern-Owners.  There are also no tort claims asserted against Southern-Owners or any indication that a contractual indemnification or contribution provision with regard to Southern-Owners and the third-party defendants exists.  Thus, it is unclear what risk such claims could pose to Plaintiff.  Thus, the Court finds that Insurpro and R.V. are not parties who must be joined if feasible.

Because the Court has found that Insurpro and R.V. are not parties who must be joined if

---

[5] Despite Defendants' arguments in their motion, *see* (D.E. No. 60 at 8-12), neither Defendants nor any other parties have asserted any tort claims for negligence or any other tort against Plaintiff in this action.

feasible under Rule 19(a), it is not necessary to consider  whether under Rule 19(b), the litigation may continue "in equity and good conscience" without Insurpro and R.V.  *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990) (stating that "no inquiry under Rule 19(b) is necessary, because the threshold requirements of 19(a) have not been satisfied.").  Thus, the Court finds in the alternative that even if Insurpro and R.V. should be realigned as party plaintiffs, they are not indispensable parties under Rule 19.

Finally, the Court also finds that it lacks subject matter jurisdiction over the third-party claims asserted against Insurpro and R.V.  Neither party has specifically raised this issue; however, it is well-settled that "[f]ederal courts 'are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir.2004) (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)).  In this case, it is undisputed that the claims asserted against Third-Party Defendants Insurpro and R.V. are state-law claims and that the Defendants acting as third-party plaintiffs are not diverse from Insurpro and R.V. as they are all Florida residents or Florida corporations.[6]

---

[6]In moving to dismiss the amended complaint, Defendants have relied heavily on a district court case, *Casualty Indemnity Exchange v. High Croft Enterprises, Inc.*, 714 F. Supp. 1190 (S.D. Fla. 1989), as persuasive authority. The Court, however, finds this case distinguishable.

In *Casualty*, the Court realigned the third-party plaintiff insurance agent as a party plaintiff in a declaratory judgment action brought by the insurance company, finding that the interests of the plaintiff insurer and the third-party plaintiff insurance agent were identical.  714 F. Supp. at 1192 n.1. The court in *Casualty* then found the insurance agent was an indispensable party under Rule 19, noting that "many of the allegations against both the insurer and agent are the same," and finding that the addition of the insurance agent destroyed diversity, it dismissed the entire case for lack of subject matter jurisdiction. *Id*. at 1192, 1193.  As discussed above, in this case, the interests of the parties are not identical and the allegations against both the insurer and the agents are not the same.  Thus, for these reasons and for the reasons articulated above in the analysis of Rule 19(a), the Court finds *Casualty* distinguishable.

Pursuant to 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This "standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact" with a claim over which this Court has original jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F. 3d 733, 743 (11th Cir. 2006); *see also* 28 U.S.C. § 1332(a)(1) (stating that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--citizens of different States"). Thus, the addition of a third-party non-diverse state claim would not necessarily deprive this Court of jurisdiction over such claims. Here, however, the claims do not arise out of a common nucleus of operative facts. The claims against Insurpro and R.V. will not involve the same witnesses, the same evidence or even the determination of the same or similar facts as the claims asserted by Plaintiff and Defendants in the original action, which are coverage issues involving for the most part issues of law. *See Park v. Hosp. Auth. of Randolph County*, 22 F. 3d 1559, 1563-64 (11th Cir. 1994) (finding claims were part of the same case or controversy where they involved "the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts."). Thus, the Court finds that it lacks subject matter jurisdiction over the third-party claims asserted against Insurpro and R.V. and dismisses said claims without prejudice.

## 2. Procedural Fencing

Defendants have also argued that this Court should exercise its discretion under Federal Rule of Civil Procedure 57 and dismiss this action for "procedural fencing." "Procedural fencing

exists when a party in filing a declaratory action accomplishes something that the party could not

do through removal." *Casualty Indem. Exch. v. High Croft Enters*., Inc., 714 F. Supp. 1190,

1193 (S.D. Fla. 1989).  Here, even if Defendants had filed this action in the state court as

plaintiffs against Southern-Owners, Insurpro and R.V., as Southern-Owners argues, Southern-

Owners could have moved to sever Insurpro and R.V. from this action for all the reasons

discussed above and then removed this action to this Court.  Thus, there is no indication that

Plaintiff by filing this action accomplished something it could not have done through removal.

The Court also finds Defendants' allegations of procedural fencing in their motion are vague and

speculative at best.  Accordingly, the Court declines to dismiss this action for procedural fencing.

     **B.**    **Third Party Defendants' Motions to Dismiss**

     Both Insurpro and R.V. have filed motions to dismiss or in the alternative to abate the

claims asserted against them, arguing that such claims are premature.  Because the Court has

dismissed without prejudice the claims against Insurpro and R.V. for lack of subject matter

jurisdiction, it denies these motions as moot.  Accordingly, it is hereby:

     **ORDERED AND ADJUDGED** that

     1.    John Hayden, Bevery Hayden, and JPH Services Inc.'s Motion to Dismiss the

Amended Complaint (D.E. No. 60) is **DENIED**.

     2.    This Court dismisses the third-party complaints (D.E. Nos. 6 & 49) filed against

Insurpro and R.V. without prejudice to such complaints being filed in state court.

     3.    Insurpro Insurance Agency's Motion to Dismiss, or Alternatively, Motion to Abate

and Sever Third Party Defendant Insurpro Insurance Agency, Inc. (D.E. No. 63) is **DENIED** as

**MOOT**.

      4.      R.V. Johnson Agency Inc.'s Motion to Dismiss, or Alternatively, Motion to Abate

and Sever Third Party Defendant R.V. Johnson Agency, Inc. (D.E. No. 66) is **DENIED** as

**MOOT**.

      DONE AND ORDERED in Chambers at Miami, Florida, this 13 day of November, 2009.

                                _____
                                  JOSE E. MARTINEZ
                                  UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record